UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:09CR363-2 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE SARA LIOI |
| | ) | |
| ADRIANA VENTURA, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

This matter comes before the Court on the pro se motion of Defendant Adriana Ventura seeking a downward departure from her sentence. (Doc. 573.) For the reasons that follow, Defendant's Motion is DENIED.

Defendant's sentence was imposed on March 9, 2010, at which time she was remanded to the Bureau of Prisons for 42 months on Count 1 of the indictment, which was a charge of conspiracy to possess with the intent to distribute heroin, cocaine and cocaine base (crack). (Doc. 1 at 2.) At no time prior to Defendant's motion has she challenged this sentence.

The instant motion requests that, based upon the following indicators of Defendant's improved character (paraphrased from Defendant's Motion), the Court make a downward departure from the sentence it has imposed in this matter:

    1. Cooperation with federal prosecutors;

    2. Good conduct during pre-trial period;

    3. Sobriety during pre-trial period;

    4. Good conduct during incarceration;

    5. Successful completion of the 500-hour Residential Drug Assistance Program;

    6. Positive work history while incarcerated;

      7. Desire to reintegrate with her children, from whom Defendant has been separated during her incarceration;

      8. Desire to resume parental role and to relieve her mother of that role.

Doc. 573. Defendant further asserts that she has changed her life and has successfully undergone rehabilitation while incarcerated, and she believes that she is prepared to reintegrate into society. *Id.*

      The relief that Defendant appears to seek is reconsideration of her sentence, rather than what she has termed a "downward departure." No vehicle exists in the federal sentencing scheme for a motion for reconsideration of a sentence. While the government may move under Rule 35(b)[1] of the Federal Rules of Criminal Procedure for a reduction in a defendant's sentence based upon that defendant's post-sentencing assistance, not only must such a motion be made within one year of sentencing (absent extraordinary circumstance), but it must be made by the government. Neither is the case in this instance.

      The Federal Rules of Criminal Procedure provide for a motion for reconsideration of a final judgment. Though it does not appear that Defendant seeks such relief, any such attempt must be denied as being untimely. "[A] motion for reconsideration or rehearing of a final judgment in a criminal case must be filed within the period provided by Fed. R. App. P. 4(b)(1) unless the local rules of the district court provide otherwise." Rule 4(b)(1) of the Appellate Rules has recently been amended to provide a defendant with fourteen days after the entry of judgment to file a notice of appeal. Defendant did not do so, and has instead filed her Motion in this Court well over one year after her sentence was imposed.

---

[1] Rule 35(b) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Ordinarily, a court may not revisit a sentence once it is imposed, with one notable exception. Under 18 U.S.C. § 3582(c), a court may consider the motion of the Director of the Bureau of Prisons to reduce a prisoner's sentence. The Director of the Bureau of Prisons has not so moved, and Defendant lacks standing to seek this reduction in her sentence. *See Calhoun v. United States*, 5:08cv446, 2008 WL 4911124 at *2 (E.D. Ky. Nov. 10, 2008).

Finally, the Court would note that Defendant's sentence is within the guideline range, taking into account the assistance Defendant gave to federal investigators prior to her sentencing. Defendant's Criminal History Category was I and her base offense level was 21 (which included the two-level reduction for substantial assistance), making her guideline range 37 to 46 months of imprisonment. Defendant received 42 months of imprisonment. In imposing the sentence, due consideration was given to Defendant's assistance to investigators.

Therefore, for the aforesaid reasons, Defendant's Motion is DENIED.

**IT IS SO ORDERED**.

Dated: August 1, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**